ORIGINAL

E-filing

ERIC DONEY, #76260
eric@donahue.com
JULIE E. HOFER, #152185
julie@donahue.com
ERIC A. HANDLER, #224637
ehandler@donahue.com
DONAHUE GALLAGHER WOODS LLP
1999 Harrison Street, Floor 25
Oakland, California 94612
Telephone: (510) 451-0544
Facsimile: (510) 832-1486

Attorneys for Plaintiff
AUTODESK, INC.

FILED
MAY - 4 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

AUTODESK, INC., a Delaware corporation,

Plaintiff,

v.

GREG FLOWERS, an individual; GREGORIO FLORES, an individual; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. C10-01917 EMC

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Copyright Infringement;
2. Violations Regarding Circumvention of Technological Measures;
3. Trademark Infringement/Counterfeiting; and
4. False Designation of Origin and Unfair Competition

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

Plaintiff Autodesk, Inc. ("Autodesk") states and alleges as follows for its complaint against defendants Greg Flowers ("Flowers"), an individual, Gregorio Flores ("Flores"), an individual, and Does 1 through 10, inclusive, (collectively, the "Does") all referred to collectively hereinafter as "Defendants."

**JURISDICTION AND VENUE**

**Parties**

1. Autodesk is a Delaware corporation with its principal place of business in San Rafael, California.

2. Autodesk is informed and believes and thereon alleges that Greg Flowers is, and at all times relevant to this action was, an individual residing in San Diego County, California and doing business using the Internet and interstate mail.

3. Autodesk is informed and believes and thereon alleges that Gregorio Flores is, and at all times relevant to this action was, an individual residing in San Diego County, California and doing business using the Internet and interstate mail.

4. Autodesk is informed and believes and thereon alleges that the Does are entities or individuals subject to the Court's jurisdiction. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Does are unknown to Autodesk, who therefore sues the Does, and each of them, by such fictitious names, and Autodesk will seek leave of the Court to amend this Complaint to allege such true names and capacities when the same are ascertained.

5. Autodesk is informed and believes and thereon alleges that each of the Defendants was the agent, employee, and/or alter-ego of each of the other remaining Defendants and, at all times relevant herein, acted within the course and scope of such agency and/or employment.

**Jurisdiction**

6. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"), and the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"). This Court has subject matter jurisdiction over Autodesk's claims pursuant to 17 U.S.C. § 501, *et seq.* (copyright), 15 U.S.C. § 1114, *et seq.* (trademark infringement/counterfeiting, false designation of origin, and unfair competition), 28

U.S.C. § 1331 (federal subject matter jurisdiction), and 28 U.S.C. § 1338(a) (copyright and trademark actions).

7. Autodesk is informed and believes and thereon alleges that Defendants knew, or reasonably should have known, that Autodesk: (a) is located in California, and that Defendants directed and aimed their alleged unauthorized activities at Autodesk, which is located in the Northern District of California; and (b) would likely suffer the brunt of the harm caused by Defendants in California at Autodesk's principal place of business. The acts and omissions of Defendants alleged herein caused Autodesk to bear the brunt of the harm in California at its principal place of business in San Rafael, California within this District.

**Venue**

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

**Intradistrict Assignment**

9. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

## GENERAL ALLEGATIONS

**Introduction**

10. Autodesk is in the business of, and has made and continues to make substantial investments of time, effort, and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing a wide variety of software products recorded on various media, including without limitation optical disks, for use on computers. Autodesk has gained a worldwide reputation for quality and reliability respecting its software products.

11. In connection with Autodesk's software products, Autodesk owns copyrights that are the subject of registrations with the United States Copyright Office and trademarks that are the subject of registrations with the United States Patent and Trademark Office.

12. Widespread sales of illegal copies of Autodesk's software products (commonly known as software piracy) and widespread unauthorized use of Autodesk's trademarks or marks confusingly similar thereto in connection with such sales (commonly known as counterfeiting)

have caused and continue to cause significant harm to Autodesk, undermine Autodesk's investments in its products, diminish Autodesk's goodwill, and cause substantial harm to consumers who have been and continue to be falsely led to believe they are acquiring licensed genuine Autodesk software products.

13. Autodesk brings this litigation as a result of certain actions and omissions by Defendants consummated through sales conducted over the Internet, including via the website accessible via the domain name craigslist.org (the "Website"), and through interstate mail, namely Defendants':

(a) Unauthorized reproduction and/or distribution of certain of Autodesk's software products;

(b) Manufacture, importation, offering to the public, provision, and/or otherwise trafficking in one or more technologies, products, services, devices, components, or parts thereof primarily designed to or produced for the purpose of circumventing either a technological measure that effectively controls access to one or more of Autodesk's software products or a protection afforded by such a technological measure (collectively, "Circumvention Technology");

(c) Unauthorized use in commerce of certain of Autodesk's trademarks, marks confusingly similar thereto, and/or reproductions, counterfeits, copies, or colorable imitations of Autodesk's trademarks; and

(d) Creation among members of the general public of both a likelihood of and actual confusion, mistake, and/or deception as to Defendants' supposed affiliation, connection, and/or association with Autodesk and the purported origin, sponsorship, and/or approval by Autodesk of Defendants' distributed goods and activities.

14. Defendants' acts and omissions alleged herein were and continue to be undertaken willfully, intentionally, and maliciously and have caused and continue to cause substantial damage to Autodesk. As prayed for below, Autodesk respectfully requests that the Court enter an injunction against Defendants and award Autodesk damages, costs, and attorney's fees as allowed by statute.

**Autodesk's Software Products, Copyrights, and Trademarks**

15. Autodesk's software products include computer aided design and other programs, such as AutoCAD® 2008 software, AutoCAD® 2009 software, AutoCAD® 2010 software, AutoCAD® Civil 3D® 2009 software, AutoCAD® Civil 3D® 2010 software, AutoCAD® Inventor® 2010 Professional Suite software, AutoCAD LT® 2009 software, AutoCAD LT® 2010 software, Autodesk® Maya® Complete 2009 software, Autodesk® Maya® Unlimited 2009 software, Autodesk® Revit® Architecture 2010 software, Autodesk® Revit® Structure 2010 software, Autodesk® 3ds Max® 2009 software, and Autodesk® 3ds Max® 2010 software. These products along with their reference materials are hereinafter collectively referred to as the "Autodesk Products."

16. The Autodesk Products contain a large amount of material that is wholly original with Autodesk and is copyrightable subject matter under the laws of the United States. At all relevant times, Autodesk complied in all respects with the Copyright Act, secured the exclusive rights and privileges in and to the copyrights in the Autodesk Products (collectively the "Autodesk Copyrights"), and possessed Certificates of Registration for the Autodesk Copyrights as granted by the Register of Copyrights (*see* Exhibit A hereto, incorporated herein by reference).

17. Since registration of the Autodesk Copyrights, the Autodesk Products have been published and distributed by Autodesk or under its authority in compliance with the Copyright Act. Autodesk has thus fully maintained the validity of the Autodesk Copyrights.

18. At all relevant times, Autodesk has owned trademarks, including without limitation AutoCAD®, AutoCAD LT®, Autodesk®, Civil 3D®, Inventor®, Maya®, Revit®, and 3ds Max® (collectively, the "Autodesk Trademarks"), all registered in accordance with the Lanham Act with the United States Patent and Trademark Office from which Autodesk has received Certificates of Registration (*see* Exhibit B hereto, incorporated herein by reference).

19. Autodesk has continuously used each of the Autodesk Trademarks from the date of registration thereof, or earlier, until the present and at all times relevant to the claims alleged herein. As a result of extensive use, advertising, and sales, together with longstanding consumer acceptance, the Autodesk Trademarks identify to consumers and the public that Autodesk is the

source of origin for authorized copies of the Autodesk Products. Throughout the United States and the world, the Autodesk Trademarks have acquired secondary meaning in the minds of consumers who associate the Autodesk Trademarks with Autodesk and its quality products. By virtue of Autodesk's widespread advertising and distribution of the Autodesk Products in connection with the Autodesk Trademarks, together with consumer acceptance and recognition, the Autodesk Trademarks identify Autodesk and the Autodesk Products and distinguish the same from, respectively, other entities and individuals and their products. The Autodesk Trademarks have become, and are, valuable assets symbolizing Autodesk, its quality goods, and its goodwill.

20. Autodesk has never authorized Defendants to: (a) copy, reproduce, or distribute the Autodesk Products; (b) manufacture, import, offer to the public, provide, or otherwise traffic in any Circumvention Technology; or (c) use the Autodesk Trademarks, any mark confusingly similar thereto, or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the advertising, sale, or distribution of the Autodesk Products or otherwise.

**The Business and Infringing Activities of Defendants**

21. Autodesk is informed and believes and thereon alleges that, without Autodesk's authorization, Defendants and/or their agents have:

(a) Copied, reproduced, and/or distributed one or more of the Autodesk Products;

(b) Manufactured, imported, offered to the public, provided, and/or otherwise trafficked in Circumvention Technology;

(c) Used the Website and interstate mail to advertise, sell, and distribute unauthorized copies of one or more of the Autodesk Products and Circumvention Technology to consumers throughout the United States, including in California;

(d) Used in commerce the Autodesk Trademarks, marks confusingly similar thereto, and/or reproductions, counterfeits, copies, or colorable imitations thereof; and

(e) Created among the general public a likelihood of and/or actual confusion, mistake, and/or deception as to Defendants' supposed (but non-existent) affiliation, connection, and/or association with Autodesk and/or the purported (but also non-existent) origin, sponsorship,

and/or approval by Autodesk of Defendants' distributed goods and activities.

22. Autodesk is informed and believes and thereon alleges that Defendants have willfully, intentionally, and maliciously engaged in the acts and omissions alleged herein without regard to Autodesk's proprietary rights.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement Against All Defendants)**

23. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 22 above as though fully set forth.

24. Defendants' acts and omissions constitute willful, intentional, and malicious infringement of the Autodesk Copyrights in violation of the Copyright Act, 17 U.S.C. § 501.

25. Defendants' willful, intentional, and malicious copyright infringement has caused and will continue to cause Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Autodesk Products and the Autodesk Copyrights and has caused and will continue to cause Autodesk to lose profits in an amount not yet ascertained.

26. Defendants' copyright infringement, and the threat of continuing infringement by Defendants, have caused and will continue to cause Autodesk to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendants' continuing acts and omissions alleged herein and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate Autodesk for the injuries already inflicted and further threatened by Defendants. Therefore, Defendants should be restrained and enjoined as authorized by the Copyright Act, 17 U.S.C. § 502.

WHEREFORE, Autodesk seeks relief as set forth below.

**SECOND CLAIM FOR RELIEF**

**(Violations Regarding Circumvention of Technological Measures Against All Defendants)**

27. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 26 above as though fully set forth.

///

28. Defendants' acts and omissions constitute willful, intentional, and malicious violations of 17 U.S.C. §§ 1201(a) and (b);

29. Defendants' willful, intentional, and malicious manufacture, importation, offering to the public, provision, and/or otherwise trafficking in Circumvention Technology has caused and will continue to cause Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Autodesk Products and the Autodesk Copyrights and, further, has damaged Autodesk's business reputation and goodwill, diverted its trade, and caused a loss of profits, all in an amount not yet ascertained.

30. Defendants' manufacture, importation, offering to the public, provision, and/or otherwise trafficking in Circumvention Technology, and the threat of continuing manufacture, importation, offering to the public, provision, and/or otherwise trafficking in Circumvention Technology, have caused and will continue to cause Autodesk to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendants' continuing acts and omissions alleged herein and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, Defendants should be restrained and enjoined as authorized by the Copyright Act and any device or product in Defendants' custody or control that was involved in Defendants' violation of 17 U.S.C. § 1201 should be impounded pursuant to the Copyright Act, 17 U.S.C. § 1203(b).

WHEREFORE, Autodesk seeks relief as set forth below.

**THIRD CLAIM FOR RELIEF**

**(Trademark Infringement and Counterfeiting Against All Defendants)**

31. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 22 above as though fully set forth.

32. Defendants' acts and omissions alleged herein constitute willful, intentional, and malicious infringement of the Autodesk Trademarks in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

33. Autodesk is informed and believes and thereon alleges that Defendants' infringing acts and omissions alleged herein have caused and will continue to cause a likelihood of, and actual, confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of the unauthorized, unlicensed, and infringing copies of the Autodesk Products made, advertised, sold, and/or distributed by Defendants (collectively, "Defendants' Products").

34. Autodesk is informed and believes and thereon alleges that Defendants' unauthorized use of the Autodesk Trademarks competes directly with Autodesk's distribution of authorized copies of the Autodesk Products, diverts trade from Autodesk, and diminishes Autodesk's goodwill.

35. Autodesk is informed and believes and thereon alleges that Defendants' infringing acts and omissions have led and are likely to continue to lead consumers to erroneously believe that Defendants' Products are being offered for distribution by Autodesk or with Autodesk's authorization.

36. Autodesk is informed and believes and thereon alleges that Defendants' use of the Autodesk Trademarks on the Internet, in interstate mail, in marketing materials, and/or on unauthorized copies of the Autodesk Products has caused and is likely to continue to cause confusion amongst consumers, threatens injury to Autodesk's business reputation and the goodwill associated with the Autodesk Trademarks, and constitutes fraud on the public.

37. Autodesk is informed and believes and thereon alleges that: (a) Defendants have used reproductions, counterfeits, copies, and/or colorable imitations of the Autodesk Trademarks in commerce in connection with Defendants' distribution of unauthorized copies of the Autodesk Products; (b) Defendants used the Autodesk Trademarks knowing such use was counterfeit; and (c) Defendants' counterfeit use of the Autodesk Trademarks was in connection with the same categories of goods or services covered by Autodesk's federal registrations of those trademarks as maintained by the United States Patent and Trademark Office.

38. Autodesk is informed and believes and thereon alleges that Defendants' actions have created and will continue to create among members of the general public a likelihood of and/or actual confusion, mistake, and/or deception as to Defendants' purported affiliation,

connection, and/or association with Autodesk and as to the purported origin, sponsorship, and/or approval by Autodesk of Defendants' Products.

39. Autodesk is informed and believes and thereon alleges that, as a result of Defendants' willful, intentional, and malicious infringement and counterfeiting of the Autodesk Trademarks, Autodesk has suffered damage to its business reputation and goodwill, a diversion of trade, and a loss of profits, all in an amount not yet ascertained and for which Autodesk is entitled to recover damages pursuant to 15 U.S.C. § 1117.

40. Defendants' trademark infringement and counterfeiting, and the threat of continuing infringement and counterfeiting, have caused and will continue to cause Autodesk repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendants' continuing acts and omissions and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate Autodesk for the injuries already inflicted and further threatened by Defendants. Therefore, Defendants should be restrained and enjoined as authorized by the Lanham Act, 15 U.S.C. § 1116.

WHEREFORE, Autodesk seeks relief as set forth below.

**FOURTH CLAIM FOR RELIEF**

**(False Designation Of Origin And False Descriptions Against All Defendants)**

41. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 22 and 31 through 40 above as though fully set forth.

42. Defendants' acts and omissions alleged herein were undertaken willfully, intentionally, and with malice and subject Defendants to liability under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Autodesk is informed and believes and thereon alleges that Defendants, in connection with Defendants' Products, have in interstate commerce: (i) used the Autodesk Trademarks; (ii) falsely designated the origin of Defendants' Products; (iii) made misleading

///

descriptions of fact concerning Defendants' Products; and/or (iv) made false or misleading representations of fact concerning Defendants' Products.

44. Autodesk is informed and believes and thereon alleges that Defendants' acts and omissions alleged herein have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Autodesk, or as to the origin, sponsorship, or approval of Defendants' Products.

45. Autodesk is informed and believes and thereon alleges that Defendants acts and omissions alleged herein have been done and continue to be done in connection with commercial advertising or promotion and misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' Products and the Autodesk Products.

46. Defendants' willful, intentional, and malicious acts and omissions alleged herein constitute false designations of origin, false descriptions, false advertising, and unfair competition with Autodesk, and as a result thereof Autodesk has suffered and will continue to suffer damage to its business reputation and goodwill, a diversion of trade, and a loss of profits, all in an amount not yet ascertained and for which Autodesk is entitled to recover damages pursuant to 15 U.S.C. § 1117.

47. Defendants' false designations of origin, false descriptions, false advertising, and unfair competition, and the threat of continuing false designations of origin, false descriptions, false advertising, and unfair competition, have caused and will continue to cause Autodesk repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendants' continuing acts, and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate Autodesk for the injuries already inflicted and further threatened by Defendants. Therefore, Defendants should be restrained and enjoined as authorized by the Lanham Act, including without limitation 15 U.S.C. § 1116.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Autodesk seeks relief as follows:

1. That, upon motion, the Court issue a preliminary injunction enjoining and restraining Defendants, and each of them, and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendants or affiliated with Defendants, from:

(a) Copying, reproducing, distributing, or using any unauthorized copies of Autodesk's copyrighted software products;

(b) Otherwise infringing any of Autodesk's copyrights;

(c) Manufacturing, importing, offering to the public, providing, or otherwise trafficking in any Circumvention Technology;

(d) Copying, reproducing, advertising, offering for sale, distributing, or using any goods or services in connection with any of Autodesk's trademarks or any other marks confusingly similar thereto;

(e) Using in any manner any of Autodesk's trademarks, any marks confusingly similar thereto, or reproductions, counterfeits, copies, or colorable imitations thereof in connection with any of Defendants' goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by, or are in some way associated with Autodesk;

(f) Otherwise infringing any of Autodesk's trademarks; and

(g) Destroying, otherwise disposing of, or altering any copies of software or other products, materials, technologies, services, devices, components, documents, or electronically stored data or files that relate or pertain in any way to the:

(i) Copying, reproduction, distribution, or use of Autodesk's software products;

(ii) Manufacture, importation, offering to the public, provision, or otherwise trafficking in any Circumvention Technology;

(iii) Use of Autodesk's trademarks, any marks confusingly similar

thereto, or reproductions, counterfeits, copies, or colorable imitations thereof on or in connection with the advertisement, sale, or distribution of goods or services; or

(iv) Infringement of Autodesk's copyrights or trademarks.

2. That the Court issue a permanent injunction making permanent the orders requested in paragraphs 1(a) through (f) of this Prayer For Relief;

3. That, upon motion, the Court issue a preliminary injunction ordering the impounding of all copies in Defendants' possession of Autodesk's copyrighted software products made or used in violation of Autodesk's rights, and all articles by means of which such copies may be reproduced, as set forth in the Copyright Act, 17 U.S.C. § 503(a);

4. That, upon motion, the Court issue a preliminary injunction ordering the impounding of any device or product in Defendants' possession, custody, or control that has been involved in or is connected to Defendants' manufacture, importation, offering to the public, provision, or otherwise trafficking in any Circumvention Technology, as set forth in the Copyright Act, 17 U.S.C. § 1203(b)(2);

5. That Autodesk be awarded for Defendants' willful, intentional, and malicious copyright infringement either: (i) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' infringement of Autodesk's copyrighted software products; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Autodesk's election before the entry of a final judgment;

6. That Autodesk be awarded for Defendants' willful, intentional, and malicious violations of 17 U.S.C. §§ 1201(a) and (b) either: (i) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' circumvention; or (ii) statutory damages for each violation in an amount provided by law, as set forth in 17 U.S.C. § 1203(c), at Autodesk's election before the entry of a final judgment;

7. That Autodesk be awarded for Defendants' willful, intentional, and malicious trademark infringement, false designations of origin, false descriptions, false advertising, and unfair competition, as set forth in 15 U.S.C. § 1117(a), the profits obtained by Defendants and the damages sustained by Autodesk by reason of Defendants' acts and omissions alleged herein, and

that such amounts be trebled pursuant to 15 U.S.C. § 1117(b);

8. That Autodesk be awarded for Defendants' willful, intentional, and malicious trademark counterfeiting, as set forth in 15 U.S.C. § 1117(c), and at Autodesk's election before the entry of the final judgment, either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from the unlawful counterfeiting of Autodesk's registered trademarks; or (ii) statutory damages for each registered trademark in an amount provided by law;

9. That the Court issue an order upon entry of judgment in this action requiring Defendants to destroy any and all infringing copies in Defendant's possession, custody, or control of Autodesk's software products, as set forth by the Copyright Act, 17 U.S.C. § 503(b);

10. That the Court issue an order upon judgment requiring Defendant to destroy any device or product involved in Defendant's manufacture, importation, offering to the public, provision, or otherwise trafficking in any Circumvention Technology, as set forth by the Copyright Act, 17 U.S.C. § 1203(b)(6);

11. That the Court issue an order upon entry of judgment in this action requiring the destruction, as set forth by the Lanham Act, 15 U.S.C. § 1118, of: (i) all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing any of Autodesk's registered trademarks; (ii) any materials containing false designations of origin, false descriptions, or misrepresentations of fact concerning Autodesk's software products or Defendants' Products; (iii) any materials bearing any reproduction, counterfeit, copy, or colorable imitation of Autodesk's registered trademarks; and (iv) all plates, molds, matrices, and other means of making the same.

12. That the Court issue an order requiring Defendants to serve on Autodesk, within thirty (30) days after issuance of the injunction requested above, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

13. That the Court award Autodesk its reasonable attorney's fees pursuant to 17 U.S.C. §§ 505 and 1203(b) and 15 U.S.C. § 1117(a)(3);

14. That the Court award Autodesk its costs of suit incurred herein; and

15. That the Court grant such other and further relief as it deems just and proper.

DONAHUE GALLAGHER WOODS LLP

Dated: May 4, 2010

By: [signature]
Julie E. Hofer
Attorneys for Plaintiff
AUTODESK, INC.

Autodesk Copyright Registrations

| Product Title | Registration No. | Registration Date |
|---|---|---|
| AutoCAD® 2008 software | TX 6-576-172 | 5/18/2007 |
| AutoCAD® 2009 software | TX 6-861-815 | 6/2/2008 |
| AutoCAD® 2010 software | TX 6-984-218 | 5/28/2009 |
| AutoCAD® Civil 3D® 2009 software | TX 6-887-553 | 7/1/2008 |
| AutoCAD® Civil 3D® 2010 software | TX 6-983-328 | 6/9/2009 |
| AutoCAD® Inventor® 2010 Professional Suite software | TX 6-983-318 | 6/2/2009 |
| AutoCAD LT® 2009 software | TX 6-864-726 | 5/21/2008 |
| AutoCAD LT® 2010 software | TX 6-984-220 | 5/28/2009 |
| Autodesk® Maya® Complete 2009 software | TX 6-918-048 | 11/10/2008 |
| Autodesk® Maya® Unlimited 2009 software | TX 6-918-051 | 11/10/2008 |
| Autodesk® Revit® Architecture 2010 software | TX 6-984-033 | 6/9/2009 |
| Autodesk® Revit® Structure 2010 software | TX 6-983-309 | 6/9/2009 |
| Autodesk® 3ds Max® 2009 software | TX 6-866-537 | 6/13/2008 |
| Autodesk® 3ds Max® 2010 software | TX 6-997-259 | 6/16/2009 |

Autodesk Trademark Registrations

| Trademark | Registration No. | Registration Date |
| --- | --- | --- |
| AutoCAD® | 1,316,773 | 1/29/1985 |
| AutoCAD LT® | 2,008,410 | 10/15/1996 |
| Autodesk® | 1,316,772 | 1/29/1985 |
| Civil 3D® | 2,911,862 | 12/14/2004 |
| Inventor® | 3,273,979 | 8/7/2007 |
| Maya® | 2,241,792 | 4/27/1999 |
| Revit® | 2,565,790 | 4/30/2002 |
| 3ds Max® | 2,733,869 | 7/8/2003 |

**EXHIBIT B**