1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation, ) | Case No.: 10-CV-01917-LHK |
| Plaintiff, ) | ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS |
| v. ) | |
| GUILLERMO FLORES, an individual; GREG FLOWERS, an individual; GREGORIO FLORES, an individual; and DOES 1 through 10, inclusive, ) | |
| Defendants. ) | |

On January 31, 2011, the Court granted Plaintiff Autodesk, Inc.'s motion for default judgment against Defendants Guillermo Flores, Greg Flowers, and Gregorio Flores for copyright infringement, trademark infringement, false designation of origin, and violations of the circumvention technology provisions of the Digital Millennium Copyright Act ("DCMA"). The Court awarded Autodesk $82,500 in statutory damages, plus post-judgment interest, and issued a permanent injunction to prevent future infringement. Although it found that Autodesk was entitled to reasonable attorney's fees and costs, the Court denied Autodesk's request for fees and costs without prejudice because Autodesk failed to provided sufficient documentation of the fees and costs incurred. Autodesk has submitted a revised motion for attorney's fees. Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral

1

argument and vacates the motion hearing set for May 19, 2011.  For the reasons discussed below, the Court GRANTS Autodesk's revised motion for attorney's fees and costs.

## I.  Request for Attorney's Fees and Costs

In its revised motion, Autodesk requests an award of costs in the amount of $550 and attorney's fees incurred in this action in the amount of $40,600.  Both the Copyright Act and the DCMA permit a court to award full costs and reasonable attorney's fees to a prevailing party.  17 U.S.C. §§ 505, 1203(b)(4)-(5).  An award of reasonable attorney's fees and costs is also expressly provided for in "exceptional cases" of trademark infringement under the Lanham Act.  15 U.S.C. § 1117(a). "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir.2002); *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (awarding attorney's fees under Lanham Act where defendant admitted allegations of willfulness by defaulting).  In its prior order, the Court found that Defendants acted willfully in infringing Autodesk's copyrights and trademarks.  Accordingly, an award of costs and reasonable attorney's fees under the Copyright Act, the DCMA, and the Lanham Act is appropriate.

### A.  Attorney's Fees

In determining reasonable attorney's fees in trademark and copyright infringement cases, courts within the Ninth Circuit have employed the lodestar method.  *See, e.g.*, *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (trademark); *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1104 (N.D. Cal. 2003) (copyright).  "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp.*, 6 F.3d at 622.  "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

On a motion for attorney's fees, the party seeking fees bears the burden of demonstrating that the rates requested are "in line with those prevailing in the community for similar services."

*Intel Corp.*, 6 F.3d at 622 (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987)).  Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  In this case, Autodesk seeks to recover fees incurred by attorneys Julie E. Hofer and Eric A. Handler, as follows:

| Attorney | Rate | Hours | Total Assessed Fees |
|---|---|---|---|
| Julie E. Hofer | $420 per hour | 33 | $13,860 |
| Eric A. Handler | $350 per hour | 76.4 | $26,740 |

Autodesk has submitted two declarations by Julie Hofer describing her experience and qualifications, as well as that of Eric Handler, their ordinary billing rates, and the services they provided to Autodesk during the course of this action.  *See* Decl. of Julie E. Hofer in Supp. of Mot. for Entry of Default Judgment ("Hofer Decl."); Suppl. Decl. of Julie E. Hofer in Supp. of Request for Atty's Fees ("Suppl. Hofer Decl.").  Autodesk has also submitted an excerpt from a report of the American Intellectual Property Law Association ("AIPLA"), to which courts frequently refer to determine reasonable fee rates in intellectual property cases.  *See, e.g.*, *Applied Materials, Inc. v. Multimetrixs, LLC*, No. C 06-07372 MHP, 2009 WL 1457979, at *4-5 (N.D. Cal. May 26, 2009); *Bonner v. Fuji Photo Film*, No. C 06-04374 CRB, 2008 WL 410260, at *3 (N.D. Cal. Feb. 12, 2008).  Based on this information, the rates requested are reasonable.  Julie Hofer is a partner at Donahue Gallagher Woods LLP who has 28 total years of experience as an attorney, including nearly 20 years practicing intellectual property law with a focus on copyright and trademark litigation.  Hofer Decl. ¶ 1, 3; Suppl. Hofer Decl. ¶ 12.  Eric Handler has nine years of experience as an attorney, including seven years of experience in intellectual property law.  Hofer Decl. ¶ 3; Suppl. Hofer Decl. ¶ 12.  According to the AIPLA report submitted by Autodesk, the average hourly billing rate for partners in the San Francisco Consolidated Metropolitan Statistical Area was $564 in 2008, and the average rate for associates was $366.[1]  *See* Suppl. Hofer Decl. Ex. C at I-34,

---

[1] The national average billing rate for associates with 7-9 years of intellectual property law experience is listed as $394.  *See* Suppl. Hofer Decl. Ex. C at I-52.  The AIPLA report does not break down local rates based upon experience.  However, as the average rate for the San Francisco Consolidated Metropolitan Statistical Area is on the high end of local averages, the San Francisco area average billing rates for associates with Mr. Handler's level of experience is likely significantly higher than $366.

Case No.: 10-CV-01917-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS

1   I-52.  The rates of $420 for Ms. Hofer and $350 for Mr. Handler therefore fall below the average

2   for the community in which this Court sits and are reasonable.

3          As to the hours requested, Autodesk has submitted copies of invoices that provide a

4   detailed breakdown of the hours billed for work done by Donahue Gallagher attorneys and the

5   services provided.  *See* Suppl. Hofer Decl. Ex. A.  The services for which Autodesk was billed

6   consist primarily of (1) preparation of the Complaint, First Amended Complaint, motion for entry

7   of default judgment, and other court filings; (2) coordination with investigators, PayPal, and

8   Craigslist to identify Defendants and document their infringing activities; (3) review of the

9   evidence and analysis of claims; and (4) communications and conferences with Defendants and

10  Defendant G. Flores's father.  Ms. Hofer represents that she reviewed the fee invoices and made a

11  good faith effort to exclude any hours that appeared excessive, redundant or otherwise

12  unnecessary.  Suppl. Hofer Decl. ¶ 10.  Thus, although Donahue Gallagher logged $49,160 worth

13  of hours on this matter, Autodesk was billed for only $42,392, and Autodesk seeks only $40,600 on

14  this motion.  *Id.*  Ms. Hofer also notes that although Autodesk began investigation of this matter in

15  October 2009, none of the fees and costs of the investigation from October 2009 through March 30,

16  2010 are included in the fee request.  *Id.* ¶ 11.  Having reviewed the detailed billing statements

17  provided by Autodesk, the Court agrees that the hours requested appear reasonable and necessary.

18  Although this case was ultimately resolved through a motion for entry of default judgment,

19  litigation of this matter prior to entry of default involved substantial investigation to identify and

20  locate Defendants, coordination with third parties to document Defendants' infringing activities,

21  and extensive communications and conferences with Defendants before they ceased responding to

22  communications by Autodesk's counsel.  Accordingly, the Court finds that Autodesk's request for

23  $40,600 in fees, for a total of 109.4 hours of legal services provided, is reasonable.

### B. Costs

25          Autodesk also seeks an award of $550 in costs, comprised of a $350 filing fee and $200 in

26  process server fees.  Autodesk represents that it actually incurred a total of $1,723.17 in costs

27  associated with courier fees, delivery fees, photocopying, investigator fees, and other expenses.

28  However, it seeks to recover only the modest costs associated with the filing of the complaint and

4

service of process upon Defendants.  These costs are recoverable under the Local Rules of the Northern District of California, *see* Civ. L.R. 54-3(a), and Autodesk has provided sufficient documentation showing the filing fee and process server fees it actually paid.  *See* Suppl. Hofer Decl. Ex. B.  Accordingly, Autodesk's request for $550 in costs is reasonable.

**II.  Conclusion**

For the foregoing reasons, the Court GRANTS Autodesk's motion for an award of $40,600 in reasonable attorney's fees and $550 in costs, for a total of $41,150, against Defendants.  The motion hearing set for May 19, 2011 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: May 18, 2011

_____

LUCY H. KOH
United States District Judge

Case No.: 10-CV-01917-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS